*Rahman v. Bondi*

BIA
A206 185 994

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MUHAMMAD KHALILUR RAHMAN,
> *Petitioner,*

v.                                                                          **24-103**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                    Khagendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, NY.

**FOR RESPONDENT:**               Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Colin J. Tucker, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Muhammad Khalilur Rahman, a native and citizen of Bangladesh, seeks review of a December 15, 2023, decision of the BIA denying his motion to reopen removal proceedings, which the BIA construed as also seeking reconsideration of its prior affirmance of an Immigration Judge's ("IJ") denial of asylum and related relief. *See In re Rahman*, No. A 206 185 994 (B.I.A. Dec. 15, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review only the BIA's denial of reopening.[1] Rahman does not challenge

---

[1] Rahman failed to timely petition for review of the BIA's April 3, 2023, decision

the grounds for the denial of reconsideration.[2] Accordingly, any challenge to that aspect of the BIA's decision is abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation modified)).

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen are disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citation modified). A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is

---

affirming the IJ's denial of asylum. *See* 8 U.S.C. § 1252(b)(1). Although the statutory deadline is not a jurisdictional bar, and it can be waived or forfeited, the government seeks to enforce the deadline here, and Rahman has not argued that the time limit should be equitably tolled or otherwise excused. *See Riley v. Bondi*, 145 S. Ct. 2190, 2201-04 (2025). Accordingly, any challenges to the IJ's merits decision and the BIA's affirmance of that decision are not before us. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (concluding that the Court was precluded from reaching underlying decision where petition was timely only as to denial of reopening).

[2] The BIA denied the motion for reconsideration because it was based on arguments not raised in his brief on direct appeal "and a motion to reconsider is not a vehicle to raise issues not previously raised in a brief." Certified Admin. R. ("CAR") at 3. Rahman's brief acknowledges this holding but fails to challenge it. *See* Petitioner's Br. at 20.

3

granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). The motion "shall not be granted unless . . . evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (explaining that "the BIA may deny a motion to reopen . . . [if] the movant has not introduced previously unavailable, material evidence").

In his motion to reopen, Rahman pointed the BIA to evidence that he had provided to his prior counsel, but that counsel failed to present to the IJ. That evidence was presented to the BIA on direct appeal of the IJ's decision, but the BIA declined to consider it at that time because it had not been presented to the IJ. Rahman asserts that this evidence was "unavailable" at the time of the merits decisions because his former counsel failed to file the evidence despite having received it from Rahman.[3] He contends that this failure constituted ineffective

---

[3] Rahman has abandoned his claim that reopening was warranted based on deteriorating conditions in Bangladesh. *See Debique*, 58 F.4th at 684. Other potential grounds for ineffective assistance of counsel are both unexhausted and abandoned. Rahman's motion to the BIA and brief here allude to other issues with his representation (i.e., failure to correctly state his birthdate and update his

assistance of counsel, and therefore, the BIA should have considered the evidence in connection with the motion to reopen.

An applicant seeking to reopen immigration proceedings based on a claim of ineffective assistance of counsel must comply substantially with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. DOJ*, 409 F.3d 43, 46–47 (2d Cir. 2005).

> Under *Lozada*, an alien claiming ineffective assistance of counsel must submit: (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Debeatham v. Holder*, 602 F.3d 481, 484-85 (2d Cir. 2010) (per curiam) (citation modified).

---

application before his hearing), but he has not argued that these deficiencies were independent bases for reopening. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Debique*, 58 F.4th at 684.

5

An applicant "who has failed to comply substantially with the *Lozada* requirements . . . forfeits [his] ineffective assistance of counsel claim in this Court." *Jian Yun Zheng*, 409 F.3d at 47. Rahman's motion to reopen did not mention the *Lozada* requirements, nor was it supported by documents reflecting compliance. We require only "substantial compliance" with *Lozada*, but Rahman did not comply at all. *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007). Nor is this a case where the ineffective assistance is "clear on the face of the record." *Id.* The only evidence that counsel was ineffective was Rahman's own testimony that he had provided the evidence to his counsel, but the IJ did not—and was not required to—credit that testimony after finding Rahman not credible on other grounds. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Rahman does not dispute that he failed to comply with *Lozada*, but instead argues that *Lozada* is no longer good law in light of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which overruled *Chevron, U.S.A., Inc. v. Natural*

*Resources Defense Council, Inc.*, 467 U.S. 837 (1984).[4]  That argument is meritless.

Our previous decisions upholding the agency's adoption of the *Lozada* requirements did not rely on application of *Chevron* deference.  *See, e.g.*, *Debeatham*, 602 F.3d at 484–85.  And even if *Chevron* had been the basis for such decisions, the Supreme Court expressly stated in *Loper Bright* that its decision did "not call into question prior cases that relied on the *Chevron* framework," and that "[t]he holdings of those cases that specific agency actions are lawful . . . are still subject to statutory *stare decisis* despite [the] change in interpretative methodology."  603 U.S. at 412.  Rahman does not otherwise challenge the applicability of the *Lozada* requirements.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[4] Rahman also argues that the key question presented by the motion to reopen was whether the IJ should have granted a continuance, not whether counsel was ineffective.  But his position was that the continuance was required *because* counsel was ineffective.  *See* CAR at 18.